UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 7:20-79-KKC |
| Plaintiff, | |
| v. | ORDER AND OPINION |
| $46,342.00 IN UNITED STATES CURRENCY, TWENTY FIREARMS, AND AMMUNITION | |
| Defendants. | |

**\*\*\* \*\*\* \*\*\***

Plaintiff, the United States of America, moves to strike (DE 11) Jennifer Porter's claim (DE 8). For the following reasons, the Court grants the motion.

I.  **Background**

The United States of America, Plaintiff, brought this civil *in rem* forfeiture action against $46,342.00 in United States currency, twenty firearms, and ammunition that were seized from Danny Porter. (DE 1 at 1-2.) In this Court, Porter was convicted of conspiracy to distribute and possession with intent to distribute oxycodone. *United States v. Porter*, Case No. 7:18-cr-08-KKC, DE 113. The property seized from Porter was forfeited in his criminal case. *Porter*, DE 110 at 2-3. Porter appealed his conviction, but he died while his appeal was pending. *Porter*, DE 114, DE 123. On April 7, 2020, this Court dismissed the indictment against Porter, which effectively vacated the forfeiture order in the criminal case. *Porter*, DE 124.

Thereafter, Plaintiff filed this instant action on June 12, 2020. (DE 1.) Plaintiff's complaint alleges that the currency, firearms, and ammunition are forfeitable under 21

1

U.S.C. § 881(a)(6) because they represent proceeds of drug trafficking and facilitated drug trafficking. (DE 1 at 1.) The complaint also alleges that the firearms are forfeitable under 18 U.S.C. § 924(d) because they were possessed in furtherance of drug trafficking. (DE 1 at 1.)

On August 5, 2020, Jennifer Porter filed a claim to the defendant property in this action. (DE 8.) The claim stated, "Filing of a Verified Claim My name is Jennifer Porter Danny Porter Defendant of a Claim = Civil Action No. 7:20-CV-79-DLB." (DE 8 at 1.) Jennifer Porter's signature then follows the text. (DE 8 at 1.) Plaintiff subsequently moved to strike Porter's claim pursuant to Supplemental Rule G(8)(c)(i)(A) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). (DE 11 at 1.) Plaintiff argues that the Court should strike Porter's claim for failure to comply with the pleading requirements in Supplemental Rules G(4) and G(5). (DE 11 at 1.)

## II.     Analysis

The Supplemental Rules apply to "forfeiture actions *in rem* arising from a federal statute." Supp. R. Fed. R. Civ. P. A(1)(B). Specifically, Supplemental Rule G governs civil *in rem* forfeiture actions and outlines the procedures with which parties must comply. *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 347 (6th Cir. 2017). A person who asserts an interest in the defendant property and contests its forfeiture by filing a claim must comply with Rule G(5)'s pleading requirements. *See* Supp. R. Fed. R. Civ. P. G(5)(a)(i). The claim must: (1) "identify the specific property claimed;" (2) "identify the claimant and state the claimant's interest in the property;" (3) "be signed by the claimant under penalty of perjury;" and (4) be served on the designated government attorney. *Id.* The Sixth Circuit requires "strict compliance" with Rule G(5), *see United States v. One Men's Rolex Pearl Master Watch*, 357 F. App'x 624, 627 (6th Cir. 2009), and "generally do[es] not excuse even technical non-

2

compliance with [Rule G(5)]," *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). The government may move to strike a claim "for failing to comply with Rule G(5)[.]" Supp. R. Fed. R. Civ. P. G(8)(c)(i)(A).

Because this case concerns a forfeiture action *in rem* arising from federal statutes, namely 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 924(d), the Supplemental Rules apply. Accordingly, Porter's claim must comply with Supplemental Rule G(5)'s pleading requirements. However, the claim is insufficient—the claim does not specify the property that Porter claims, the claim does not state Porter's interest in the property, and Porter did not sign the claim under the penalty of perjury. The claim merely states Porter's name with her signature. This is not enough to meet the strict compliance standard that Rule G(5) demands. Because Porter's claim fails to comply with Rule G(5)'s pleading requirements, the Court grants Plaintiff's motion to strike her claim.[1]

### III. Conclusion

The Court hereby ORDERS that Plaintiff's motion to strike (DE 11) is GRANTED.

Dated February 04, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] Because this Court finds that the claim did not comply with Rule G(5), the Court need not consider whether the claim complied with Rule G(4).